# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Park Transportation, Inc., | Case No. 20bk12058 |
| Debtor. | Honorable LaShonda A. Hunt |
| Ocean Network Express (North America) Inc., | Adv. Pro. No. |
| Plaintiff. | |
| v. | |
| Park Transportation, Inc.; | **COMPLAINT** |
| Royal Savings Bank: | **FOR INTERPLEADER** |
| AJ Equity Group LLC; | |
| Business Advance Team LLC d/b/a Everyday Capital; | |
| 24 Capital, LLC; | |
| BMF Capital, LLC; | |
| Forward Financing, LLC; | |
| Libertas Funding; and | |
| Par Funding, | |
| Defendants. | |

Plaintiff, Ocean Network Express (North America) Inc. ("Plaintiff"), on behalf of Ocean Network Express Pte. LTD. ("ONE Line"), as its general agent, by and through its undersigned counsel, by way of interpleader complaint in an adversary proceeding (the "Complaint") pursuant to Federal Rule of Bankruptcy Procedure 7022 against Defendants, the Debtor, Park Transportation, Inc. (the "Debtor"), and lenders, Royal Savings Bank; AJ Equity Group LLC; Business Advance Team LLC d/b/a Everyday Capital; 24 Capital, LLC; BMF Capital, LLC; Forward Financing, LLC; Libertas Funding: and, Par Funding (the "Lenders"), avers as follows:

1

## PARTIES

1. Plaintiff, ONE Line, is an ocean cargo container carrier with its principal place of business at 8730 Stony Point Parkway, Suite 400, Richmond, Virginia 23235.

2. Upon information and belief, Defendant, the Debtor, Park Transportation, Inc., is an Illinois corporation with its principal place of business at 491 Supreme Drive, Suite 1, Bensenville, IL 60106.

3. Upon information and belief, Defendant, Lender, Royal Savings Bank, is an Illinois corporation with its principal place of business at 9226 S. Commercial Avenue, Chicago IL 60617.

4. Upon information and belief, Defendant, Lender, AJ Equity Group LLC, is a New York limited liability company with its principal place of business at 1451 47th Street, Brooklyn, NY 11219.

5. Upon information and belief, Defendant, Lender, Business Advance Team LLC d/b/a Everyday Capital, is a New York limited liability company with its principal place of business at 116 Nassau Street, Suite 804, New York, NY 10038.

6. Upon information and belief, Defendant, Lender, 24 Capital, LLC is a New York limited liability company with its principal place of business at 31-10 37th Avenue, Long Island City, NY 11101.

7. Upon information and belief, Defendant, Lender, BMF Capital, LLC is a New York limited liability company with its principal place of business at 1820 Avenue M, Brooklyn, NY 11230.

8. Upon information and belief, Defendant, Lender, Forward Financing, LLC is a Massachusetts limited liability company with its principal place of business at 100 Summer Street, Suite 1175, Boston, MA 02110.

9. Upon information and belief, Defendant, Lender, Libertas Funding, is a Connecticut business organization with its principal place of business at 382 Greenwich Avenue, Suite 2, Greenwich, CT 06830.

10. Upon information and belief, Defendant, Lender, Par Funding, is a Florida business organization with its principal place of business located at 2000 PGA Boulevard, Suite 4440, Palm Beach Gardens, FL 33408.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

13. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A); (G); (K); and (0).

14. If the Complaint is not a core proceeding, Plaintiff consents to jurisdiction and entry of final judgment in the Bankruptcy Court.

## BACKGROUND FACTS

15. On June 7, 2020 (the "Petition Date"), the Debtor filed a Chapter 11 petition in the Court and elected to proceed as a small business debtor.

16. Both prior to the Petition Date and post-petition, ONE Line hired the Debtor to carry cargo for ONE Line's customers.

17. Prior to the Petition Date, various of the Defendants, Lenders, advised Plaintiff that they held assignments of the Debtor's accounts receivables and perfected security interests in the Debtor's assets, including accounts receivable; and, that any amounts owing by Plaintiff to the Debtor should be paid to those Lenders. Further, various Lenders informed Plaintiff that, if they paid monies owed to the Debtor to anyone other than those Lenders, they would be subject to liability to those Lenders and potential double payment of any amounts paid to the Debtor.

18. Subsequent to the Petition Date, ONE Line received a letter from the Debtor directing it to make all payments of its receivables directly to the Debtor.

19. The amount due from Plaintiff on account of services rendered by the Debtor to ONE Line prior to the Petition Date is $49,265.69.

20. The amount due from Plaintiff on account of services rendered by the Debtor to ONE Line since the Petition Date is $9,311.58.

21. In order to avoid the possibility of liability to either the Debtor or the Lenders, or having to make duplicate payment to the Lenders, Plaintiff brings this Complaint for interpleader of funds; and, for an Order allowing and directing Plaintiff to deposit funds in the Court Registry and be released from liability to the Defendants, the Debtor or the Lenders, for other payment.

## **COUNT ONE**

22. Plaintiff repeats the allegations contained in paragraphs 1-21 of the Complaint as if fully set forth herein.

23. Plaintiff brings this action pursuant to Federal Rule of Bankruptcy Procedure 7022, which incorporates Federal Rule of Civil Procedure 22(a). Federal Rule of Civil Procedure 22(a)(1) states that "Persons with claims that may expose a plaintiff to double or

multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants."

24. Plaintiff seeks an Order to deposit interpleader funds in the Court Registry and be released from liability to the Defendants, the Debtor or the Lenders, for other payment.

**WHEREFORE**, Plaintiff seeks an Order for Judgment as follows:

(a) to deposit interpleader funds in the Court Registry in an amount to be determined;

(b) to enjoin the Defendants, the Debtor or the Lenders, from instituting or continuing any action against ONE Line in any forum seeking payment for the amounts deposited;

(c) to allow Plaintiff its attorney fees, court costs, and any expenses incurred herein and that Plaintiff be allowed to deduct such fees and costs from the amount deposited; and

(d) any other relief the court deems just and equitable.

Dated: July 20, 2020
Chicago, Illinois

**ORLEANS CANTY NOVY LLC**

/s/ Carissa J. Meyer
Carissa J. Meyer
65 E. Wacker Place
Suite 1220
Chicago, IL 60601
Tel (847) 625-8200
Fax (847) 625-8262
Email: jorleans@ocnlaw.com

and

**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**

:  /s/ Rick A. Steinberg
Rick A. Steinberg (pro hac vice)
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Email: rsteinberg@pricemeese.com

Attorneys for Plaintiff, Ocean Network Express (North America) Inc., general agents for Ocean Network Express Pte. Ltd.